UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 10-26-KSF

LEE ROY BREWER                                                                    PETITIONER

v.                                          **OPINION & ORDER**

DON BOTTOM, WARDEN                                                   RESPONDENT

**\* \* \* \* \* \* \* \* \* \* \***

On January 1, 2010, the petitioner, Lee Roy Brewer, *pro se*, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 concerning his conviction in Kentucky state court for

one count of Engaging in Organized Crime (criminal syndicate), four counts of Trafficking in

Marijuana (five or more pounds), and four counts of Trafficking in Marijuana (over eight ounces)

[DE #1].  The respondent, Warden Don Bottom, filed his response on July 26, 2010 [DE #13].

Brewer then filed his reply to Bottom's response on September 1, 2010 [DE #17].  Consistent with

local practice, this matter was referred to the Hon. Edward B. Atkins, United States Magistrate

Judge, pursuant to 28 U.S.C. § 636(b).

On July 29, 2011, the Magistrate Judge filed his Report and Recommendation,

recommending that, based on a review of the state court record and the applicable law, the petition

be denied [DE # 19].  On September 14, 2011, Brewer filed objections to the Magistrate Judge's

Report and Recommendation [DE #22].  As a result, this matter is now ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

As noted by the Magistrate Judge, the facts of this matter are more fully set out by the

Supreme Court of Kentucky in *Brewer v. Commonwealth*, 206 S.W.3d 343, 345-346 (Ky. 2006) and

are briefly summarized by the Magistrate Judge in his Report and Recommendation.  Accordingly, the facts are recited herein only as necessary to understand the Court's disposition of this matter.

Brewer was convicted by a jury in Owen Circuit Court of one count of Engaging in Organized Crime (criminal syndicate), four counts of Trafficking in Marijuana (five or more pounds), and four counts of Trafficking in Marijuana (over eight ounces).  As a result, he was sentenced to a total term of imprisonment of sixty (60) years.  Brewer's conviction and sentence were affirmed by the Kentucky Supreme Court.

Brewer then filed a motion for relief under R.Cr. 11.42 in the Owen Circuit Court, which was denied.  The Circuit Court's decision was then affirmed by the Kentucky Court of Appeals and the Kentucky Supreme Court denied discretionary review.

Brewer then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition, Brewer initially argued that he was entitled to relief on the following grounds: (1) error by the prosecutor in using the phrase "send a message to the community" during the penalty phase of the trial; (2) error in the admission of "investigative hearsay"; (3) ineffective assistance of counsel at trial based on his counsel's failure to object to the prosecutor's "send a message" statement, as well as the failure to "preserve or investigate all possible defenses"; and (4) absolute innocence.  In addition to these grounds, Brewer raised the following new arguments in support of his petition in his reply:  (1) evidence was planted by co-conspirator; (2) the state court failed to make findings of fact when it denied his R.Cr. 11.42 motion (failure to hold an evidentiary hearing); (3) failure to appoint post-conviction counsel; (4) ineffective assistance of counsel (on grounds related to his allegations of evidence-planting, witness bribery, double jeopardy, insufficient evidence, failure to present mitigating evidence, and cumulative error); (5) witness bribery; (6) that

2

Brewer was charged with two crimes from one incident (double jeopardy); (7) insufficient evidence; (8) denial of Brewer's right to present mitigating evidence; and (9) cumulative error. Although a court is not obligated to hear arguments raised for the first time in a reply brief, in light of Brewer's *pro se* status, the Magistrate Judge also considered the arguments raised by Brewer in his reply.

## II.    THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In his Report and Recommendation, the Magistrate Judge first evaluated whether Brewer's claims were procedurally defaulted. As noted by the Magistrate Judge, "[f]ederal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice." *Williams v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006) (citations omitted). The Magistrate Judge then identified the two ways in which a claim may become procedurally defaulted: (1) by the petitioner's failure to comply with state procedural rules in presenting his claim to the appropriate state court; or (2) by the petitioner's failure to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *Id*. at 806.

After examining the state court record and the applicable case law, the Magistrate Judge found that Brewer failed to raise his claims of double jeopardy and cumulative error on direct appeal. Accordingly, those claims were procedurally defaulted due to the failure to comply with state procedural rules. The Magistrate Judge further found that Brewer failed to demonstrate cause for his failure to properly present these claims in state court, nor actual prejudice resulting therefrom. Thus, the Magistrate Judge concluded that this Court is barred from addressing these claims on the merits.

3

The Magistrate Judge further found that, with respect to Brewer's claims that his counsel was ineffective for failing to object to the "send a message" statements by the prosecutor and that evidence was planted by co-conspirators, Brewer failed to raise these claims in state court and pursue those claims through the state's ordinary appellate review procedures. Specifically, the Magistrate Judge found that, although Brewer should have raised his claim of ineffective assistance of counsel for failure to object to the prosecutor's "send a message" statement in his R.Cr. 11.42 proceedings, he failed to raise this claim at any time in state court proceedings. Accordingly, this claim was procedurally defaulted. Similarly, the Magistrate Judge found that Brewer should have raised his "co-conspirator" claim on direct appeal before the Kentucky Supreme Court, but failed to do so.[1] Thus, this claim was also procedurally defaulted. Again, Brewer failed to offer any evidence to demonstrate cause to excuse his failure to raise these claims with the Kentucky courts, nor did he demonstrate any actual prejudice. Thus, the Magistrate Judge concluded that this Court is also barred from addressing these claims any further.

The Magistrate Judge then analyzed Brewer's claims that were not subject to procedural default: (1) witness bribery; (2) insufficient evidence; (3) harmful error by the prosecutor in using the phrase "send a message to the community" during the penalty phase of the trial; (4) improper admission of "investigative hearsay" at trial; (5) the state court's failure to make findings of fact when it denied his CR 11.42 motion (failure to hold an evidentiary hearing); (6) failure to appoint appellate counsel; (7) ineffective assistance of counsel; and (8) absolute innocence. The Magistrate

---

[1]Because Brewer asserts his "co-conspirator" claim for the first time in his reply, he deprived Respondent the opportunity to raise the defense that Brewer's claim was procedurally defaulted. However, the Magistrate Judge properly found that the Court was justified in raising the issue of procedural default *sua sponte*. *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

Judge first set out the appropriate standard of review. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), ("AEDPA"), the Court should review the state courts' adjudication of the merits of Brewer's claims to determine if the adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). However, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Indeed, as noted by the Magistrate Judge, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id*. at 67-68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle*, 502 U.S. at 68. The Magistrate Judge then turned to the substance of Brewer's remaining claims.

First, the Magistrate Judge considered Brewer's claim of witness bribery. The Magistrate Judge first noted that, aside from listing "witness bribery" as a claim in his reply, Brewer failed to discuss or offer any explanation as to how or why this claim warrants federal habeas relief. For this reason alone, Brewer is not entitled to relief on this claim. Regardless, the Magistrate Judge examined Brewer's presentation of this claim before the Kentucky Court of Appeals and noted that Brewer's argument before that court was not based upon an alleged violation of due process but was instead based on a perceived violation of Kentucky's witness bribery statute, K.R.S. § 524.020(1).

Specifically, Brewer argued that, to the extent that witnesses received a reduced sentence, were not arrested or were not forced to forfeit property in exchange for their testimony, those witnesses received a "pecuniary benefit" in violation of K.R.S. § 524.020(1) [R. A1420-1421].  Thus, the Kentucky Court of Appeals' analysis of this argument presents solely an issue of state law.  Because errors of state law alone, absent an error of federal law, cannot form the basis of relief under federal habeas corpus, *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995), the Magistrate Judge found that Brewer's witness bribery claim cannot serve as a basis for habeas relief.

Next, the Magistrate Judge turned to Brewer's "insufficiency of the evidence" claim, raised for the first time in his reply, arguing that insufficient evidence was presented at trial for a jury finding of guilt on the drug trafficking charges.[2]  Brewer also claims that it was improper for the jury to find him guilty "based solely on unconfirmed allegations" made by his co-defendants.  The Magistrate Judge first noted that, when reviewing a habeas petition, a federal court is required to defer to the state court's findings of fact unless the petitioner shows by clear and convincing evidence that the state court's findings of the facts are erroneous.  28 U.S.C. § 2254; *Wright v. Bell*, 619 F.3d 586, 597 (6th Cir. 2010).  Because Brewer does not contend that the facts as stated by the Kentucky Supreme Court are erroneous, the Magistrate Judge continued his analysis based on his review of the record as it stands.

---

[2]This claim was reviewed by the Magistrate Judge, notwithstanding Brewer's failure to properly raise it on direct appeal in state court.  However, the Magistrate Judge noted that, in declining to discuss this claim, the Kentucky Court of Appeals mistakenly relied on the Kentucky Supreme Court's ruling in *Brewer v. Commonwealth*, 206 S.W.3d 313 (Ky. 2006), a decision addressing claims raised by Petitioner's wife, Rosa Lee Brewer, on direct appeal.  Accordingly, the Magistrate Judge concluded that the procedural bar applied by the state court does not constitute an adequate and independent state ground barring federal habeas review.

The Magistrate Judge then set forth the standard for federal habeas review of an insufficiency of the evidence claim.  As noted by the Magistrate Judge, a federal habeas court "reviews claims that the evidence at trial was insufficient for a conviction by asking 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000)(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  After reviewing the Kentucky statute under which Brewer was convicted for drug trafficking, K.R.S. § 218A.1421(1), and the evidence presented at trial, the Magistrate Judge concluded that the Commonwealth produced an overwhelming amount of evidence and testimony at trial detailing Brewer's long-term involvement in the criminal syndicate.  Brewer's complaints that the evidence introduced was circumstantial or was the "uncorroborated testimony" of his co-defendants are irrelevant, as it is well-settled that either circumstantial evidence or uncorroborated testimony of an accomplice alone may sustain a conviction.  *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010)(circumstantial evidence); *United States v. Dedman*, 527 F.3d 577, 593 (6th Cir. 2008)(uncorroborated testimony of an accomplice).  Accordingly, the Magistrate Judge determined that Brewer is not entitled to habeas relief on his "insufficient evidence" claims.

The Magistrate Judge then turned to Brewer's claim that it was harmful error for the prosecutor to use the phrase "send a message to the community" during the penalty phase of Brewer's trial.  The Magistrate Judge first noted that the relevant inquiry in a claim of prosecutorial misconduct is whether "the improper comments or actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  *Slagle v. Bagley*, 457 F.3d 501, 515 (6th

Cir. 2006)(quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).  The Sixth Circuit applies a two-prong test to determine when prosecutorial misconduct renders a trial fundamentally unfair:

> First, this court determines whether the prosecution's conduct or remarks were improper.  If the answer is affirmative, then the court considers four factors to decide whether the improper acts were sufficiently flagrant to warrant reversal: (1) whether the evidence against the defendant was strong; (2) whether the conduct of the prosecution tended to mislead the jury or prejudice the defendant; (3) whether the conduct or remarks were isolated or extensive; and (4) whether the remarks were made deliberately or accidentally.
>
> *Slagle*, 457 F.3d at 515-516 (citing *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001)).

The Magistrate Judge then examined the Kentucky Supreme Court's evaluation of Brewer's "send a message" claim and determined that the standard applied by the Kentucky Supreme Court is substantially similar to the standard articulated by the United States Supreme Court in *Darden* and adopted by the Sixth Circuit.  Thus, the Magistrate Judge concluded that the Kentucky Supreme Court evaluated Brewer's claim under the correct constitutional standard.  The Magistrate Judge then turned to whether the state court unreasonably applied the relevant standard in holding that the "send a message" statements by the prosecutor did not render Brewer's trial fundamentally unfair.  Applying the two-part test set forth above, the Magistrate Judge first found that the Kentucky Supreme Court's determination that the prosecutor's "send a message" statements were improper was not unreasonable.

Next, the Magistrate Judge examined whether the prosecutor's statements were sufficiently flagrant to warrant reversal.  The Magistrate Judge engaged in a lengthy discussion analyzing each of the factors articulated in *Slagle* and determined that the "send a message" statements by the prosecutor, although improper, were not so flagrant that they rendered the trial fundamentally unfair,

8

so as to make the resulting conviction a denial of due process. Thus, the Magistrate Judge found that it was not unreasonable for the Kentucky Supreme Court to reach the same conclusion. Accordingly, the Magistrate Judge concluded that Brewer's claim based on the prosecutor's "send a message" comments does not warrant habeas relief.

Next, the Magistrate Judge examined Brewer's claim of ineffective assistance of counsel "during trial and on appeal on the Grounds contained in I, V-XI." In his reply, Brewer identified "Grounds I, V-XI" as follows: evidence was planted by co-conspirator (Ground I); witness bribery (Ground V); charged with two crimes from one incident (Ground VI); insufficient evidence (Ground VII); insufficient evidence (Ground VIII); denial of right to present mitigating evidence (Ground IX); insufficient evidence (Ground X); and cumulative error (Ground XI) [DE #17]. Brewer's only explanation of this ineffective assistance of counsel claim is that he "was denied effective assistance of counsel during trial and on appeal on the Grounds contained in I, V-XI" [*Id*.]. Accordingly, the Magistrate Judge construed his claim to be that the state appellate court's denial of these claims during collateral proceedings was unreasonable. Thus, the Magistrate Judge examined the Kentucky Court of Appeals' application of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) to Brewer's ineffective assistance of counsel claim.

Under *Strickland*, an ineffective assistance of counsel claim has two elements:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 433 U.S. at 687.

Under these standards, Brewer must show that the Kentucky Court of Appeals unreasonably applied this standard to both its evaluation of Brewer's counsel's performance, as well as its evaluation of the prejudice to Brewer's defense. Examining the decision by the Kentucky Court of Appeals, the Magistrate Judge noted that the Kentucky court found that Brewer failed to establish that the conduct of defense counsel was objectively unreasonable, nor did he show that, but for his counsel's alleged errors, the result of his trial would have been different. Accordingly, the Kentucky Court of Appeals found that Brewer failed to meet his burden under either prong of *Strickland*. The Magistrate Judge found that the Kentucky Court of Appeals applied the correct legal standard to Brewer's ineffective assistance of counsel claims. Moreover, the Magistrate Judge noted that, in his reply, Brewer fails to explain why the Kentucky Court of Appeals' decision was either (1) contrary to clearly established federal law; or (2) involved an unreasonable application of clearly established federal law. Thus, the Magistrate Judge concluded that the Kentucky Court of Appeals' decision was not unreasonable and Brewer is not entitled to habeas relief based on his allegations of ineffective assistance of counsel.

The Magistrate Judge then turned to Brewer's claim that the trial court improperly admitted investigative hearsay testimony at trial. On Brewer's direct appeal, the Kentucky Supreme Court held that, although this testimony was improperly admitted, the testimony at issue was cumulative and, therefore, the error resulting from this admission was harmless and did not warrant a new trial. After examining the Kentucky Supreme Court's decision, the Magistrate Judge found that the analysis employed by the Kentucky Supreme Court is identical to that applied in similar circumstances by the Sixth Circuit and is squarely on point with the Federal Rules of Evidence. The Magistrate Judge further found that there are no grounds for finding that the Kentucky Supreme

10

Court's analysis or conclusion was unreasonable or contrary to federal law.  Thus, the Magistrate Judge concluded that Brewer is not entitled to habeas relief based on his "investigative hearsay" claim.

Next, the Magistrate Judge addressed Brewer's claim that it was error for the trial court to deny his request for an evidentiary hearing on his R.Cr. 11.42 motion.  The Magistrate Judge noted that, under Kentucky law, a hearing is only required on a R.Cr. 11.42 motion "if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-744 (Ky. 1993).  Similarly, in the Sixth Circuit, an evidentiary hearing is unnecessary where "the motion, files and records conclusively show that the prisoner is not entitled to relief" and the issues to be resolved are purely legal.  *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).  Because Brewer did not challenge the findings of fact as established by the Kentucky Supreme Court in *Brewer*, 206 S.W.3d 343, the Kentucky Court of Appeals held that Brewer was not entitled to a hearing on his R.Cr. 11.42 motion.  The Magistrate Judge found that this decision was not unreasonable and, accordingly, Brewer is not entitled to habeas relief on this claim.

The Magistrate Judge then turned to Brewer's claim that the Kentucky Court of Appeals acted unreasonably in denying his request for counsel during post-conviction collateral proceedings.  However, it is well-established that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  Noting this rule, the Magistrate Judge evaluated the Kentucky Court of Appeals' holding that Brewer was not entitled to counsel in his post-conviction proceedings unless an evidentiary hearing was required.  Because a hearing was not required, the Magistrate Judge determined that the Kentucky Court of Appeals

11

decision denying Brewer appointment of counsel in collateral proceedings was not unreasonable and Brewer is not entitled to habeas relief on this claim.

Finally, the Magistrate Judge addressed Brewer's claim of actual innocence, which would allow a court to review Brewer's procedurally defaulted claims. However, because Brewer failed to present *any* factual allegations supporting his "actual innocence" claim, much less new evidence that was not presented at trial, the Magistrate Judge determined that Brewer is not entitled to take advantage of the "actual innocence" exception to excuse any of his procedurally defaulted claims. Accordingly, the Magistrate Judge determined that Brewer is not entitled to habeas relief on this ground.

For these reasons, the Magistrate Judge entered his Report and Recommendation recommending that Brewer's petition for writ of habeas corpus be denied.

## III.  *DE NOVO* REVIEW OF BREWER'S OBJECTIONS

Brewer filed objections to the Magistrate Judge's Report and Recommendation on September 14, 2011 [DE #22]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c).

In his objections, Brewer suggests that the Magistrate Judge did not afford Brewer's petition and related pleadings with the liberal construction to which they are entitled, given Brewer's *pro se* status. Brewer also complains that, in pursuing his petition, he has only been able to rely on the assistance of other prisoners with questionable motives and further complains of the lack of availability of assistance from the Kentucky Department of Public Advocacy. It is true that a prisoner proceeding *pro se* is entitled to "the benefit of a liberal construction of [his or her] pleadings

and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  However, contrary to Brewer's suggestion, a review of Brewer's pleadings in this matter shows that the Magistrate Judge actually went to great lengths to liberally construe the allegations made in Brewer's petition.  Indeed, the Magistrate Judge even analyzed the claims improperly raised by Brewer for the first time in his reply.  Although not required, the Magistrate Judge also thoroughly analyzed claims that were only fleetingly referred to by Brewer, with no accompanying discussion or explanation, even going so far as to examine Brewer's arguments made to the Kentucky courts in an effort to ascertain the basis of Brewer's claims.  Thus, any suggestion made by Brewer that the Magistrate Judge did not liberally construe Brewer's petition is simply wrong.  Accordingly, to the extent that Brewer objects to the Magistrate Judge's Report and Recommendation on these grounds, this objection fails.

With respect to specific objections to the Magistrate Judge's Report and Recommendation, Brewer objects to portions of the Magistrate Judge's resolution of the following claims: witness bribery, insufficient evidence, harmful error by the prosecutor in using the phrase "send a message to the community" during the penalty phase of the trial, ineffective assistance of counsel for failing to properly argue on direct appeal and object at trial, improper admission of "investigative hearsay" at trial, and the denial of his request for an evidentiary hearing on his R.Cr. 11.42 motion.  Brewer also seems to suggest that he is entitled to an evidentiary hearing with appointed counsel on his instant habeas claim.  Finally, Brewer argues that his conviction on the charge of organized crime may now be void, as the conviction of one of his co-defendants was overturned by the Kentucky Courts.  Thus, Brewer requests that the Court stay his habeas proceedings to allow him to return to Kentucky state court to "exhaust his claim on the void Organized Crime conviction" and to challenge the constitutionality of the federal habeas statute.

13

A.      **Witness Bribery**

With respect to Brewer's "witness bribery" claim, Brewer argues that the Magistrate Judge engaged in too narrow a reading of his claim before rejecting it.  Brewer further argues that the Magistrate Judge did not take into account "the inherent due process violation in Brewers [sic] claim the witnesses for the Commonwealth were offered favored treatment in exchange for their testimony" [DE #22].  According to Brewer, some witnesses testified falsely and, in exchange, these witnesses received favorable treatment for which they were not eligible.  Brewer fails to identify the witnesses that he alleges offered perjured testimony, nor does he point to any specific testimony that he purports to be false.  Regardless, even if his allegations were true and he otherwise presented a cognizable claim, Brewer overlooks that he failed to present any of this information to the Magistrate Judge.  Rather, he improperly waited until his reply to raise this claim at all.  Even in his reply, Brewer only refers to his "witness bribery" claim in the most bare-bones manner, including it in a list of "grounds" that he intended to raise with the federal court.  However, his petition and his reply are both devoid of any argument or discussion explaining the basis for Brewer's claim. "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 FN1 (6ᵗʰ Cir. 2000)(citations omitted).  *See also Benge v. Johnson*, 474 F.3d 236, 245 (6ᵗʰ Cir. 2007)(a single sentence in a reply brief is insufficient to preserve a claim, as "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived")(quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6ᵗʰ Cir.1996)).  These reasons alone are sufficient grounds to reject Brewer's objection.

However, even disregarding these shortcomings, the Magistrate Judge was correct in rejecting Brewer's claim for habeas relief based on "witness bribery" on its merits.  As Brewer offered the Magistrate Judge no rationale or explanation for his claim, the Magistrate Judge was forced to examine Brewer's presentation of this claim before the Kentucky Court of Appeals.  In the Kentucky Court of Appeals, Brewer's argument was not based upon an alleged violation of due process but was instead based solely on a perceived violation of Kentucky's witness bribery statute, K.R.S. § 524.020(1).   Specifically, Brewer argued that, to the extent that witnesses received a reduced sentence, were not arrested or were not forced to forfeit property, those witnesses received a "pecuniary benefit" in violation of K.R.S. § 524.020(1) [R. A1420-1421].  The Court of Appeals rejected this interpretation of "pecuniary benefit" and held that "[w]e do not believe these alleged 'payments' to be within the common definition of 'pecuniary' as intended by KRS 524.020" [R. A1470].  Even if this legal conclusion reached by the Kentucky Court of Appeals was incorrect (which, to be clear, this Court is not suggesting is the case), such an error would be an error of state law.  As the Magistrate Judge correctly noted, errors of state law alone, absent an error of federal law, cannot form the basis of relief under federal habeas corpus, *Sinistaj*, 66 F.3d at 807.  Moreover, contrary to Brewer's suggestion, the mere fact that co-defendants may receive favorable treatment from the government in exchange for testimony is not an "inherent due process violation."  For all of these reasons, Brewer's objection to the Magistrate Judge's resolution of his "witness bribery" claim fails.

### B.    Insufficient Evidence

Next, Brewer objects to the Magistrate Judge's resolution of his claim that insufficient evidence was presented at trial for a jury finding of guilt on the drug trafficking charges.

Specifically, Brewer first argues that, in denying this claim, the Magistrate Judge improperly relied on Brewer's failure to challenge the Kentucky Supreme Court's recitation of the facts of the case. However, the Magistrate Judge's deference to the Kentucky Supreme Court's findings of fact is not improper.  As noted by the Magistrate Judge, when reviewing a habeas petition, a federal court is required to defer to the state court's findings of fact unless the petitioner shows by clear and convincing evidence that the state court's findings of the facts is erroneous.  28 U.S.C. § 2254; *Wright*, 619 F.3d at 597.  Here, the only specific challenges to the Kentucky Supreme Court's findings made by Brewer were that the evidence introduced against him was circumstantial and that it was improper for the jury to find him guilty "based solely on unconfirmed allegations" made by his co-defendants.  Indeed, in his objections, Brewer continues to challenge the circumstantial nature of the evidence against him, as well as the testimony by his co-defendants whom he alleges made "illegal deals" with the police and prosecutors.  Notably, Brewer fails to point the Court to any particular testimony by a specific co-defendant that he contends was improper, nor does he identify any specific co-defendant whom he contends entered into an "illegal deal" with the police and prosecutors, much less point to any evidence of such a deal.  Similarly, he fails to identify any specific factual finding made by the Kentucky Supreme Court that he alleges is incorrect.  For these reasons, as well as those identified by the Magistrate Judge, Brewer has failed to meet his burden of showing by clear and convincing evidence that the Kentucky Supreme Court's findings of fact are erroneous.

Brewer then argues that the testimony by his co-defendants and the evidence of a conversation between Brewer, his wife and another co-defendant in which Brewer advised the co-defendant to bury her "pot stash" in an ammunition box was insufficient to convict him of possession

16

of marijuana with intent to distribute. According to Brewer, because the only evidence against him was circumstantial in nature or was based on uncorroborated testimony of his co-defendants, his conviction was not based on sufficient evidence. However, as noted by the Magistrate Judge, it is well-settled that either circumstantial evidence or uncorroborated testimony of an accomplice *alone* may sustain a conviction. *Wettstain*, 618 F.3d at 583 (circumstantial evidence); *Dedman*, 527 F.3d at 593 (uncorroborated testimony of an accomplice). Here, the Magistrate Judge reviewed the Kentucky statute under which Brewer was convicted for drug trafficking, K.R.S. § 218A.1421(1), and the evidence presented at trial, and concluded that the Commonwealth produced an overwhelming amount of evidence and testimony at trial detailing Brewer's long-term involvement in the criminal syndicate. Brewer's objections do not warrant disturbing this finding. Thus, Brewer's objections to the Magistrate Judge's determination of his "insufficient evidence" claim fail.

### C.    Prosecutorial Misconduct

Brewer next turns to the Magistrate Judge's resolution of his claims regarding the "send a message" statements by the prosecutor during the penalty phase of his trial. Brewer claims that these statements were both "improper and egregious" and that they show "deliberate, calculated intent by the prosecutor designed to inflame the passions of the jury." He argues that the length of his sentence (sixty years imprisonment) in light of his age at the time of sentencing (sixty-two) is evidence of the gravity of this error. However, this Court agrees with the Magistrate Judge's analysis of this claim and finds that the Magistrate Judge correctly evaluated the Kentucky Supreme Court's resolution of Brewer's claim.

The Magistrate Judge first examined the standard used by the Kentucky Supreme Court to evaluate Brewer's claim of prosecutorial misconduct and found it to be substantially similar to that

articulated by the United States Supreme Court in *Darden*, 477 U.S. at 181, and adopted by the Sixth Circuit. Thus, as an initial matter, the Magistrate Judge found that the Kentucky Supreme Court evaluated Brewer's claim under the correct constitutional standard. Turning to whether the Kentucky Supreme Court's application of this standard was unreasonable, the Magistrate Judge first evaluated the prosecutor's statements at issue under part one of the two-part test identified by the Sixth Circuit in *Slagle*, 457 F.3d at 515-516, and found that the Kentucky Supreme Court's determination that the prosecutor's "send a message" statements were improper was not unreasonable.

Next, the Magistrate Judge analyzed whether the prosecutor's statements were sufficiently flagrant to warrant reversal. The Magistrate Judge engaged in a lengthy discussion analyzing each of the factors articulated in *Slagle*: "(1) whether the evidence against the defendant was strong; (2) whether the conduct of the prosecution tended to mislead the jury or prejudice the defendant; (3) whether the conduct or remarks were isolated or extensive; and (4) whether the remarks were made deliberately or accidentally." *Slagle*, 457 F.3d at 516. *See also Carter*, 236 F.3d at 783. After evaluating each factor, the Magistrate Judge determined that the "send a message" statements by the prosecutor, although improper, were not so flagrant that they rendered the trial fundamentally unfair, so as to make the resulting conviction a denial of due process. This Court agrees with the Magistrate Judge's analysis. Thus, the Magistrate Judge correctly found that it was not unreasonable for the Kentucky Supreme Court to determine that the prosecutor's improper "send a message" statements did not render Brewer's entire trial fundamentally unfair and a violation of due process and, therefore, did not warrant reversal. Although Brewer may view his sentence as unnecessarily severe given his age at the time of sentencing, such an objection is irrelevant to whether the Kentucky

18

Supreme Court unreasonably applied the appropriate constitutional standards to his claim. Here, the Magistrate Judge thoroughly evaluated Brewer's claim and found that it does not provide grounds for habeas relief. For these reasons, as well as those stated more fully by the Magistrate Judge in his Report and Recommendation, this Court agrees with this conclusion.

### D.    Ineffective Assistance of Counsel

Next, Brewer addresses his claims of ineffective assistance of counsel for failing to properly argue on direct appeal and at trial. Brewer does not directly object to the Magistrate Judge's resolution of Brewer's ineffective assistance of counsel claims. Indeed, the Court is in agreement with the Magistrate Judge's conclusion that the Kentucky Court of Appeals properly used the appropriate *Strickland* standard in evaluating Brewer's ineffective assistance of counsel claims and that the Kentucky Court of Appeals' decision denying Brewer's claim was not unreasonable. Rather, Brewer objects that "[w]hile this habeas statute prohibits the granting of relief for ineffective assistance of counsel on appeal or post conviction pleadings this law is clearly unconstitutional as the United States Supreme Court has declared it is a right to have effective assistance of counsel on direct appeal" [DE #22]. While it may be true that Brewer was entitled to effective assistance of counsel on direct appeal, Brewer again fails to identify any particular acts or omissions of his appellate counsel that he alleges were not the result of reasonable professional judgment, much less show how such errors were so prejudicial to his defense that, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, Brewer's claims still do not pass muster under *Strickland*.

Regardless, as noted, Brewer does not object to the merits of the Magistrate Judge's holding on his ineffective assistance of counsel claim. Rather, he argues that an unidentified "habeas statute"

prohibits the granting of relief for ineffective assistance of counsel on appeal or post conviction pleadings and is, therefore, unconstitutional.  He further states that "this constitutional claim may not be viable before this Court" and, accordingly, asks "for a stay of the proceedings or to hold this matter in abeyance until such times as he is able [sic] raise this matter properly and have it adjudicated" [DE #22].  However, Brewer fails to identify any particular statute (or other legal authority) that prohibits granting habeas relief for ineffective assistance of counsel on appeal or post conviction pleadings, much less explain how this statute is unconstitutional.  Moreover, Brewer fails to recognize that, even if he did identify a particular statute, he has had multiple opportunities to raise his ineffective assistance of counsel claims, including the constitutionality of any statute or common law prohibiting those claims, before both the Kentucky state courts and this Court, and has failed to do so.  Indeed, Brewer has failed to raise this claim on direct appeal, in his R.Cr. 11.42 motion, or in his habeas petition.  In addition, to the extent that Brewer believes that a law applied by the Magistrate Judge in his Report and Recommendation - whether statutory or case law - is unconstitutional, the time for Brewer to have raised a constitutional challenge to such a law was in his objections filed with this Court.  Although Brewer refers to his constitutional objection in a perfunctory way, he makes no attempt to develop this argument at all, failing to even identify the specific law that he purports to be unconstitutional.  For all of these reasons, Brewer has failed to provide this Court with any justifiable reason to delay this matter any further and, accordingly, Brewer's request to hold the matter in abeyance will be denied.

### E.    Admission of "Investigative Hearsay" Evidence

Next, Brewer objects to the Magistrate Judge's findings on his claim related to the admission of inadmissible "investigative hearsay" evidence.  Brewer argues that the Kentucky Supreme Court's

finding that the admission of this evidence, although improper, was harmless, must be reversed, as there can be "no fair assurance" that the outcome of the trial would have been different had this evidence not been introduced.  However, the Magistrate Judge examined the Kentucky Supreme Court's decision and found that its analysis was identical to that applied by the Sixth Circuit and is consistent with the Federal Rules of Evidence.  The Magistrate Judge further found that there are no grounds for finding that the Kentucky Supreme Court's analysis or conclusion was unreasonable or contrary to federal law.  In his objections, Brewer does not articulate any specific grounds for finding that the Kentucky Supreme Court's decision was unreasonable.  Moreover, he agrees that the "investigative hearsay" evidence was cumulative of other evidence introduced at trial.  However, Brewer then launches a general attack on the case against him as a whole, arguing that the "investigative hearsay" bolstered "an otherwise fantastical story of a simple, retired laborer never found to be in possession of a 'pot' seed with absolutely no criminal history to be the mastermind of an international smuggling operation" [DE #22].   Notwithstanding Brewer's general dissatisfaction with the evidence against him, the fact remains that the Kentucky Supreme Court applied the correct legal standard to Brewer's "investigative hearsay" claim and Brewer has failed to show how the Kentucky Supreme Court's application of that standard is unreasonable.  Thus, his objection to this portion of the Magistrate Judge's Report and Recommendation fails.

### F.    Brewer's Right to an Evidentiary Hearing

Brewer's final objection addresses the decision of the Kentucky Court of Appeals declining an evidentiary hearing on his R.Cr.11.42 motion.  Brewer concedes that an evidentiary hearing is not required on a R.Cr. 11.42 motion where there are no issues of fact which could not be determined from the face of the record.   However, Brewer claims that, since he made the allegation of witness

21

bribery which, he alleges, came to light after his conviction, his claims in his R.Cr. 11.42 motion could not have been refuted by the record.  As an initial matter, the Court notes that Brewer's witness bribery claim presented solely a question of law - namely, whether the benefits that Brewer alleged were received by the witnesses against him were "pecuniary" benefits,  received in violation of KRS § 524.020.  Thus, there is no reason that Brewer's witness bribery claim could not have been determined by the face of the record.  Even so, the Sixth Circuit has consistently held that claims challenging state collateral post-conviction proceedings are outside the scope of federal habeas corpus review.  *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007)(citations omitted).  *See also Sherley v. Parker*, 229 F.3d 1153, 2000 WL 1141425 at *6)(6th Cir., Aug. 8, 2000)(unpublished)(petitioner's claim that he was denied due process when the Kentucky court failed to hold an evidentiary hearing on his second R.Cr. 11.42 motion to vacate his sentence "cannot be heard by this court since the writ of habeas corpus is not an appropriate tool for challenging errors or deficiencies in state post-conviction proceedings.  Rather, the writ is reserved for the constitutional errors underlying the conviction itself.").  Moreover, "even if such a review were possible, the decision as to whether to hold the hearing is a question of state law; therefore, the decision of the Kentucky courts would be binding on habeas review."  *Stratton v. Hall*, 2010 WL 5922110 at *16 (E.D.Ky., Dec. 28, 2010)(unpublished)(citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)).  Thus, Brewer's objection based on the state court's failure to hold an evidentiary hearing on his R.Cr. 11.42 motion fails.

In his objections, Brewer also appears to suggest that this Court should hold an evidentiary hearing with appointed counsel "to explore the possibility of illegal promises made to co-defendants for perjured testimony."  Again, Brewer does not provide any specific details of any alleged illegal

promises - including such basic information as what promises were made, to whom and by whom they were made, and/or when they were made - nor does he offer any other argument or explanation in support of his suggestion that he is entitled to a hearing in this Court.  Under 28 U.S.C. § 2254(e)(2), if an applicant for habeas relief

> has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> 28 U.S.C. §2254(e)(2).

However, "to receive an evidentiary hearing, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring...an evidentiary hearing.'" *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006)(quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Here, Brewer fails to support his "witness bribery" claim with any allegations of fact, much less any evidence supporting those facts.  Accordingly, he fails to demonstrate that the facts supporting his claim of "witness bribery" could not have previously been discovered through the exercise of due diligence or that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that, but for any constitutional errors relating to this claim, no reasonable jury would have found Brewer guilty of his underlying offenses.  Thus, he has failed to establish the

presence of the circumstances that would justify an evidentiary hearing with appointed counsel in this Court, as required by 28 U.S.C. § 2254 (e)(2).

### G.   Brewer's Organized Crime Conviction

Finally, in the conclusion section of his objections, Brewer mentions (for the first time) that he recently learned that the conviction of his daughter, one of his co-defendants, was overturned by the Kentucky Courts.  According to Brewer, this "possibly makes Brewer's conviction on the charge of Organized Crime void since there possibly is no longer 5 or more persons involved in the criminal activity charged" [DE #22].  Accordingly, Brewer requests that this Court stay these proceedings to allow him to return to state court to exhaust his claim on his allegedly void Organized Crime conviction.  As an initial matter, Brewer failed to raise this issue with the Magistrate Judge.  Moreover, in habeas cases, federal courts should "use their power to stay cases and hold them in abeyance only in limited circumstances where the petitioner has shown good cause for his failure to exhaust state remedies."  *Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir. 2009)(citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).  Here, Brewer again fails to provide the Court with any further information or details relating to this alleged "development," such as specifically identifying his daughter by name, providing the date on which her conviction was overturned or providing a citation to his daughter's case to enable the Court to confirm his statement that her conviction was overturned.  Neither does Brewer make any effort to provide any argument further explaining his position that, in light of this "development," his conviction of Organized Crime is now possibly void, or otherwise providing any further justification for staying these proceedings at this late juncture.

Moreover, even if Brewer had provided the Court with this additional information, the statute under which Brewer was convicted, K.R.S. § 506.120, requires a finding that five (5) or more

persons "*collaborat[e]* to promote or engage" in certain prohibited activities.   K.R.S. § 506.120(3)(b)(emphasis added).   Notably, the statute does *not* require that all five of the members of the criminal syndicate also be convicted.   Indeed, "[t]he collaboration in the statute means simply collaborating in the scheme, and it is not necessary for the Commonwealth to show that each participant collaborating in the scheme collaborated with or even was aware of the collaboration of the other participants." *Commonwealth v. Phillips*, 655 S.W.2d 6, 9 (Ky. 1983).   Brewer has not cited this Court to any authority imposing a requirement that each member of the criminal syndicate must be convicted, nor does he cite to any authority that voids the organized crime convictions of all members of the criminal syndicate any time one of those members either is not convicted or has their conviction overturned on appeal.   Thus, Brewer has provided the Court with no factual or legal support for his request.   Accordingly, Brewer has failed to show good cause for this Court to stay this matter or hold it in abeyance to allow him to return to state court to pursue this claim and his request that the Court do so is denied.

### H.      Conclusion and Certificate of Appealability

In conclusion, having carefully reviewed Brewer's objections and finding them to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.   Therefore, Brewer's objections will be overruled.

Brewer does not address the Magistrate Judge's rejection of his remaining claims (failure to appoint appellate counsel, actual innocence), nor does he object to the Magistrate Judge's conclusions regarding Brewer's procedurally defaulted claims.   Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to

25

require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  To the extent that Brewer failed to object to any portion of the Magistrate Judge's Report and Recommendation, he has waived the right to appeal.  *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the entirety of the Magistrate Judge's Report and Recommendation.

For all of the foregoing reasons, the Magistrate Judge's Report and Recommendation will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to Brewer's claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance.  In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484.  The Court determines that Brewer has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered Brewer's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.  Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that

(1)     the Magistrate Judge's Report and Recommendation [DE #19] is **ADOPTED** as and for the opinion of the Court;

(2)     the petitioner's objections to the Magistrate Judge's Report and Recommendation [DE #22] are **OVERRULED**;

(3)     the petitioner's request to hold this matter in abeyance is **DENIED**;

(4)     the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] is **DISMISSED WITH PREJUDICE**;

(5)     a certificate of appealability **SHALL NOT** issue;

(6)     pursuant to 28 U.S.C. § 1915, petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith; and

(7)     judgment will be entered contemporaneously with this order.

This February 8, 2012.

**Signed By:**

**_Karl S. Forester_**   *K S F*

**United States Senior Judge**